# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JESSICA MAE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-05082-CV-RK |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY; | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **REVERSED** and **REMANDED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d

549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of brief overview, the ALJ determined that Plaintiff has numerous severe impairments, *inter alia*: traumatic brain injury with chronic post traumatic headache; migraines; mental impairments variously diagnosed as depressive disorder, bipolar disorders, schizoaffective disorder, among others; somatic dysfunction of the abdominal, pelvic, and head region; and degenerative disc disease of the cervical, thoracic spine, and lumbar spine. The ALJ found, however, that none of Plaintiff's impairments, whether considered alone or in combination, meets or medically equals the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, App. 1 ("Listing"). The ALJ generally concluded that Plaintiff's impairments did not meet Listings 1.02 (major disfunction of a joint(s)), 1.04 (disorders of the spine), 3.03 (asthma), 11.02 (epilepsy), or 11.18 (traumatic brain injury). In addition, the ALJ found "[t]he severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of Listings 12.03, 12.04, 12.06, and 12.08," finding Plaintiff has a mild limitation in understanding, remembering or applying information, and moderate limitations as to interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.

Next, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") since March 22, 2019, to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), and outlined with specificity numerous qualifications, conditions, and abilities. Although the ALJ found that Plaintiff is unable to perform any past relevant work considering her particular RFC, the ALJ found that Plaintiff can nonetheless perform jobs that exist in significant numbers in the national economy. The ALJ ultimately found that Plaintiff is not disabled under the Social Security Act.

On appeal, Plaintiff argues that the ALJ failed to properly assess her impairments – particularly the traumatic brain injury with chronic post-traumatic headache and migraines, specifically (1) whether the migraines medically equal Listing 11.02, and (2) as to Plaintiff's RFC by failing to consider the frequency and intensity of her migraines. Defendant argues that the ALJ properly evaluated Plaintiff's migraine headaches and properly assessed their impact on Plaintiff's RFC.

Determinations of disability under the Social Security Act follow a familiar five-step analytical framework. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The first two steps focus on a claimant's work activity and whether a claimant has a sufficiently severe medically determinable physical or mental impairment. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii). At step three, assuming a claimant has not been found disabled under steps one and two, the next consideration is whether a claimant's impairment(s) "meets or equals" a listed impairment as set out in 20 C.F.R. pt. 404, subpt. P, App. 1. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) ("Listing"). If a claimant's impairment(s) meets or equals a listed impairment, the claimant will be found disabled. §§ 404.1520(d), 416.920(d).

To "meet" a listed impairment, a claimant's impairment "must meet all of the listing's specified criteria." *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). Alternatively, even if a claimant's impairment does not meet a listing, the claimant may still be found disabled if the impairment is "medically equivalent to a listed impairment," i.e., if the impairment "is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a). The regulations explain that medical equivalence is established by one of three ways:

> (1) for an impairment that is a listed impairment but either the claimant does not exhibit one or more of the findings specified in the listing or one or more of the claimant's findings is not as severe as specified in the listing, the impairment may be medically equivalent if the claimant "ha[s] other findings related to [their] impairment that are at least of equal medical significance to the required criteria";
>
> (2) for an impairment that is not described in the Listing, the impairment may be found to be medically equivalent if the findings are "at least of equal medical significance to those of a [closely analogous] listed impairment"; or
>
> (3) for a combination of impairments, none of which are described in the Listing, the combination of impairments may be found to be medically equivalent "if the findings related to [the] impairments are at least of equal medical significance to those of a listed impairment."

§§ 404.1526(b)(1)-(3), 416.926(b)(1)-(3). To determine whether a claimant's impairment is medically equivalent to a listed impairment, the ALJ considers "all evidence in [the] case record about [the claimant's] impairment(s) and its effects on [the claimant] that is relevant to this finding." §§ 404.1526(c) & 416.926(c); *see* SSR 17-2P, 2017 WL 3928306, at *4 (Soc. Sec. Admin. Mar. 27, 2017) (explaining that the ALJ should "consider all evidence in making a finding

3

that an individual's impairment(s) does not medically equal a listing").[1] In doing so, SSR 17-2P also provides that if the previously received evidence "does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence," but rather the ALJ's articulation of reasons at a subsequent step may provide the necessary rationale to support the ALJ's finding at step three. 2017 WL 3928306, at *4.

The listing does not include migraine headaches as a listed impairment. Social Security Ruling 19-4P, however, specifically addresses primary headache disorders, including migraine headaches. SSR 19-4P, 2019 WL 4169635, at *3 & *7 (Soc. Sec. Admin. Aug. 26, 2019). SSR 19-4P points to Listing 11.02 (epilepsy) as "the most closely analogous listed impairment" for migraine headaches, and specifically refers to Listings 11.02B and 11.02D (dyscognitive seizures). *Id.* at *7. As relevant here, Listing 11.02B[2] refers to "[d]yscognitive seizures . . . occurring at least once a week for at least 3 consecutive months . . . despite adherence to prescribed treatment." Listing 11.00H(1)(b) describes dyscognitive seizures as "characterized by alteration of consciousness without convulsions or loss of muscle control," which can include "blank staring, change of facial impression, and automatisms." To determine medical equivalency of migraine headaches to Listing 11.02B, SSR 19-4P provides the following administrative ruling:

> To evaluate whether a primary headache disorder is equal in severity and duration to the criteria in 11.02B, we consider: A detailed description from an [acceptable medical source[3]] of a typical headache event, including all associated phenomena (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of the headache events; adherence to prescribed treatment; side effects of treatment (for example . . . drowsiness, confusion, or inattention); and limitations in functioning that may be associated with the primary headache disorder or effects of its treatment, such as interference with activity during the day (for example, the need for a darkened and quiet room, having to lie down without moving, a sleep disturbance that affects daytime activities, or other related needs and limitations).

*Id.*

---

[1] By regulation, Social Security Rulings (SSR's) are "binding on all components of the Social Security Administration," and "represent precedent final opinions [*sic*] and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1).

[2] Plaintiff does not refer to 11.02D in her brief, so the Court does not address 11.02D further.

[3] The regulations describe as "acceptable medical sources": licensed medical sources such as physicians, psychologists, optometrists, advanced practice registered nurses, and physician assistants, among others. §§ 404.1502(a), 416.902(a).

Here, the ALJ found that Plaintiff suffers from migraines following a 2005 car accident. The ALJ noted that Plaintiff's migraine headaches were not intractable and that she "was showing improved symptoms." The ALJ noted that Plaintiff is generally active and takes her son to school, goes to support groups a few times a month, completes chores, and generally takes care of her son on a daily basis (albeit with the assistance of a personal assistant for her son, who has autism). At the same time, Plaintiff's medical records support consistent migraine headaches occurring multiple times a week throughout the period following the alleged onset date, for which Plaintiff's doctors prescribed and pursued various treatment plans. Even if the medications Plaintiff was prescribed were able to relieve the migraine headaches when they occurred (as Plaintiff testified, the medications usually alleviated the migraine headaches within a few hours), they nonetheless continued to occur, it seems at least as frequently as once a week for three consecutive months. The critical question is how the migraines impacted Plaintiff when they occurred and the other relevant considerations as explained in SSR 19-4P.

On the existing record, because the ALJ failed to expressly address SSR 19-4P and to explain why Plaintiff's migraine headaches are not medically equal to Listing 11.02B, the Court "cannot say whether there was sufficient evidence to support [the ALJ's] decision," and remand is therefore appropriate. *Hesseltine v. Colvin*, 800 F.3d 461, 466 (8th Cir. 2015) (remanding case to ALJ where ALJ did not expressly determine medical equivalence or explain why the claimant failed to satisfy the applicable medical equivalence standard where the evidence suggested claimant did satisfy the medical equivalence standard); *see also Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005) (remanding the case to the ALJ where the ALJ made only "general" findings that claimant's impairments did not meet or equal a listed impairment where the record evidence could otherwise support a finding that the claimant's impairments equal a listing); *Nail v. Kijakazi*, No. 4:20 CV 1422 CDP, 2022 WL 832328, *7 (E.D. Mo. Mar. 21, 2022); *Phillip v. Saul*, No. 8:19CV422, at *26 (D. Neb. July 15, 2020).[4]

---

[4] Because the Court remands the case for a new step-three determination, the Court will not at this time address Plaintiff's additional argument that the ALJ's RFC finding is not supported by substantial evidence.

5

## Conclusion

Accordingly, the ALJ's decision is **REVERSED and REMANDED**.

**IT IS SO ORDERED**.

                                          s/ Roseann A. Ketchmark
                                          ROSEANN A. KETCHMARK, JUDGE
                                          UNITED STATES DISTRICT COURT

DATED: January 13, 2023